**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RUBEN M. BUCKNER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-650-Y** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institution Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The findings, conclusions, and recommendation of the United States

Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  Nature of the Case

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  Parties

Petitioner Ruben M. Buckner, TDCJ-CID #1093899, is in custody of the Texas Department

of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

On August 16, 1996, Buckner was found guilty of one count of sexual assault of a child under seventeen and one count of indecency with a child by contact in case no. 0577732D in the 213th District Court of Tarrant County, Texas. (Petition at 2.) *Ex parte Buckner*, Application No. WR-47,617-01, at 58-62. The offenses were alleged to have occurred on or about February 12, 1995. *Ex parte Buckner*, Application No. WR-47,617-01, at 58. Buckner continues to serve two fifteen-year sentences for the offenses.[1] *Ex parte Buckner*, Application No. WR-47,617-02, at 12-13.

On April 24, 2004, the Texas Board of Pardons and Paroles (the Board) denied Buckner release on parole. *Ex parte Buckner*, Application No. WR-47,617-03, at 29. He filed two state habeas applications on June 29, 2005 and July 25, 2005, respectively, challenging the Board's denial of release, which were both denied without written order by the Texas Court of Criminal Appeals on August 17, 2005. *Ex parte Buckner*, Application Nos. WR-47,617-02 & WR-47,617-03, at cover. Buckner filed this federal petition challenging the Board's denial on September 6, 2006.[2] Quarterman has filed a motion to dismiss with brief in support seeking dismissal on limitations grounds or denial on the merits, to which Buckner has replied.

## D. Issues

Buckner claims that, in violation of his constitutional rights, he has been improperly denied

---

[1]Buckner was also convicted of one count of indecency with a child by exposure in the same proceeding, however, his ten-year sentence for that offense has presumably expired. *Ex parte Buckner*, Application No. WR-47,617-03, at 2.

[2]A pro se habeas petition is filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

release on parole or mandatory supervision.  (Petition at 7 & Attachment 1.)

E.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal

habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The statutory provision set forth in subsection (D) governs when the limitations period in this

case began to run, namely, the date on which Buckner could have discovered, through the exercise

of due diligence, the factual predicate of his claims.  To the extent Buckner claims he has been

unlawfully denied release on parole, the factual predicate of the claim was discoverable on April 29,

3

2004, the date parole was denied.  Accordingly, the one-year statute of limitations began to run on

April 29, 2004, and expired one year later on April 29, 2005, absent any applicable tolling.

Buckner's state habeas applications filed after limitations had already expired do not operate to toll

the limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Thus, the petition,

filed on September 6, 2006, is untimely as to the Board's April 29, 2004 denial of parole.[3]

To the extent Buckner claims he has been unlawfully denied release on mandatory

supervision, the factual predicate of the claim was discoverable at the time of his conviction.  Under

Texas law, eligibility for mandatory supervision is determined by the statute in effect at the time the

holding offense was committed.  *See Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999).

Under the statute in effect when Buckner committed sexual assault, he is not, and was never, eligible

for release to mandatory supervision on his fifteen-year sentence.  *See* Act of May 29, 1993, 73rd

Leg. R.S., ch. 888, § 2, 1993 Tex. Gen. Laws 3533, 3534-35 (currently TEX. GOV'T CODE ANN. §

508.149(a) (Vernon 2004)).

## II.  RECOMMENDATION

Based on the foregoing discussion, it is recommended that Buckner's petition be dismissed

as time-barred.

---

[3]Buckner argues that he is entitled to tolling during the pendency of his "Request for Special Review and Reconsideration for Parole Release."  (Pet'r Response at 2.)  Although there is support that certain prison administrative remedies, such as prison grievance or time credit dispute resolution procedures, toll the running of the statute of limitations, no support is found that a request for review and reconsideration of the Board's decision to deny release operates to toll the limitations period. *See Forward v. Dretke*, No. 1:04-CV-127, 2006 WL 2639505, at *4 n.2 (E.D. Tex. Sept. 13, 2006). Nor has he asserted valid reasons for his failure to bring his claim in a timely manner so as to warrant tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 30, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 30, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

6

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

      SIGNED November 9, 2006.


                             /s/  Charles Bleil
                          CHARLES BLEIL
                          UNITED STATES MAGISTRATE JUDGE